UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:13-CV-350 PS |
| vs. ) | |
| ) | |
| CAROL A. DILLON, *et al.,* ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

William Cox, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, a *pro se* complaint must be liberally construed, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Cox claims that an attorney representing prison medical staff in a separate federal lawsuit[1] improperly accessed his medical records in violation of the Health Insurance Portability

---

[1] *See Cox v. Levenhagen, et al.*, No. 3:12-CV-320 (N.D. Ind. filed Jun. 15, 2012).

and Accountability Act of 1996 ("HIPAA") and various state laws. He sues the attorney, her law firm, several doctors and nurses, the private company that employs them, and the superintendent of Westville Correctional Facility, seeking $55 million in compensatory damages and $73 million in punitive damages for the invasion of his privacy rights. (DE 1 at 10.)

Upon review, Cox has not stated a plausible federal claim. He cannot pursue a claim under HIPAA, because HIPAA does not provide a private right of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006); *see also Carpenter v. Phillips*, 419 Fed. Appx. 658, 659 (7th Cir. May 4, 2011) (detainee's claim under HIPAA was properly dismissed under 28 U.S.C. § 1915(e)(2)(B) because HIPAA does not provide a private right of action). Instead, the provisions of HIPAA are enforced by the Secretary of the U.S. Department of Health and Human Services. *See* 42 U.S.C. §§ 1320d-5; *Acara*, 470 F.3d at 571.

Cox also claims the defendants violated Indiana Department of Correction ("IDOC") policies and other state laws in connection with the disclosure, but even if he is correct, this would not give rise to a claim under 42 U.S.C. § 1983.[2] *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.") (internal citation omitted); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects

---

[2] Cox asserts in passing that "the United States Constitution prohibits what has been described." (DE 1 at 4.) I cannot discern any plausible constitutional claim in the complaint. Inmates have very limited privacy rights, and if the disclosure of inmate medical information is actionable at all under the Constitution, it is in situations where prison officials purposely disseminate highly sensitive medical information about an inmate to inflict psychological injury or to expose him to harm by other inmates. *See Anderson v. Romero*, 72 F.3d 518, 522-23 (7th Cir. 1995). That is not even close to what occurred here. Instead Cox claims an attorney obtained a copy of his medical records for use in his lawsuit pertaining to the medical care he received for a knee problem, without a proper court order or his consent.

plaintiffs from constitutional violations, not violations of state laws"). Cox may have some remedy available in state court for these alleged violations, and I will dismiss his state law claims without prejudice should he wish to pursue them. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). However, I offer no opinion about the wisdom of pursuing this course or the potential merit of any claim he may have.

For these reasons, the federal claims contained in the complaint (DE 1) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, and the state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

**SO ORDERED**.

ENTERED: May 23, 2013.

 /s/ Philip P. Simon
Philip P. Simon, Chief Judge
United States District Court